IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00647-MR

| | |
|---|---|
| EDDIE R. MAYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ANTONIO MCKINNEY, ) | ORDER |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.  BACKGROUND**

The pro se Plaintiff, who is incarcerated at the Alexander Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing an incidents that have allegedly occurred in Anson, Union, and Cleveland Counties. [Doc. 1]. He names as the sole Defendant Antonio McKinney, who is also an inmate at Alexander CI. The Plaintiff asserts claims for "malepractice/state/murder, rape, kidnap, conspiracy & stalking." [Id. at 3] (errors uncorrected). He claims that, beginning on July 15, 2022, "[Plaintiff's] family started being killed while [Plaintiff] was harassed." [Id. at 4-5]. He describes the facts underlying his claims as follows:

"www.linkedin.com search homo or GMF it's all their." [Id. at 5] (errors uncorrected). As injury, he states "[m]y injuries are mental: pain & suffering, PTSD, seen mental health & they did nothing!" [Id.]. As relief, he asks the Court to "[b]ring these monsters to justice by charging them for their crimes & relief on my behalf." [Id.].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). If the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). Here, the Plaintiff names another inmate as the sole Defendant, and he has failed to explain how that inmate was acting under the color of state law for purposes of § 1983.

The body of the Complaint alludes to individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005)

("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). The allegations directed at individuals not named as Defendants are dismissed without prejudice.

The Complaint also alludes to individuals who were allegedly injured besides the Plaintiff. As a pro se inmate, the Plaintiff is not qualified to assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff has attempted to assert claims on behalf of others, they are dismissed.

4

Moreover, the Plaintiff's allegations are so vague, conclusory, and nonsensical that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). Accordingly, the Complaint would be dismissed as frivolous and for failure to state a claim even if the Plaintiff had named a defendant against whom this action could proceed.

## IV. CONCLUSION

In sum, the Complaint is dismissed without prejudice. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should the Plaintiff fail to timely file an Amended Complaint in accordance with this

Order, this action will be dismissed without prejudice and without further notice to the Plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk of Court is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: January 13, 2023

Martin Reidinger
Chief United States District Judge

6

Case 3:22-cv-00647-MR   Document 10   Filed 01/17/23   Page 6 of 6