IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00647-MR

| | |
|---|---|
| EDDIE R. MAYE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ANTONIO MCKINNEY, | )   **ORDER** |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint. [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.   BACKGROUND**

*The pro se* Plaintiff, who is incarcerated at the Tabor Correctional Institution, filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing an incidents that have allegedly occurred in Anson, Union, and Cleveland Counties. [Doc. 1]. He named as the sole Defendant Antonio McKinney, who is an inmate at Alexander Correctional Institution. On January 17, 2023, the Complaint was dismissed on initial review as frivolous and for failure to state a claim upon which relief can be granted, and the

Plaintiff was granted the opportunity to amend. [Doc. 10]. The Amended Complaint [Doc. 13] is now before the Court for initial review.

The Plaintiff again names inmate McKinney as the sole Defendant. He asserts a Fourteenth Amendment claim for gang-related harassment of himself, and for the harassment and "killing" of his family. [Doc. 13 at 4-5]. For injury, he asserts "pain & suffering, PTSD & paranoia." [Id. at 5]. He appears to seek inmate McKinney's prosecution and damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Plaintiff again names a fellow inmate as the sole Defendant, and he has failed to explain how that inmate acted under the color of state law for purposes of § 1983. He has therefore failed to state a § 1983 claim for the reasons discussed in the Order on initial review of the Complaint. [Doc. 10 at 3]. He also appears to again seek relief on behalf of others which he is not qualified to do. [Id. at 4]. Further, his allegations remain so vague, conclusory, and nonsensical that they fail to satisfy the most basic pleading requirements. [Id. at 5]. Accordingly, the Amended Complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted.

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his complaint once and he has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff's Amended Complaint is dismissed with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Amended Complaint [Doc. 13] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.**

Signed: March 6, 2023

Martin Reidinger
Chief United States District Judge